**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEHAN ZIBOUKH, MARGRET PHILIE, VERA FIGLOCK, NICOLE MAY, TYANA DAUGHTERY, SOLALIZ HERNANDEZ, and DEBRA KRYSTYN, on behalf of themselves and all others similarly situated, Plaintiffs, v. WHALECO INC. d/b/a TEMU, and PDD HOLDINGS INC., Defendants. | Case No. 23-cv-15653<br>District Judge Thomas M. Durkin<br>Magistrate Judge Maria Valdez |

**DECLARATION OF MICHAEL TRINH IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**

I, Michael Trinh, declare as follows:

1. I am the Customer Service Manager for Defendant Whaleco Inc. d/b/a Temu ("Temu"). I have held this position at Temu since October 2022. In my current position, I am responsible for managing customer service. Through this role, I have responsibilities related to, and am thoroughly familiar with, how users sign up for an account on Temu's website, www. temu. com (the "Temu Website") or mobile application (the "Temu App"), and how Temu notifies users of, and requires them to accept, its Terms of Service (the "Terms"). In my professional capacity, I am also generally familiar with Temu's business records and its recordkeeping policies and practices, including records relating to the Temu Website and Temu App.

2. I have reviewed the complaint (the "Complaint"), and I make this declaration in support of Temu and PDD Holdings Inc.'s motion to compel arbitration of the claims brought therein (the "Motion"). I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify to them competently.

## I. Users Must Accept Temu's Terms of Service When Creating an Account

3. Temu is an e-commerce company that connects consumers with millions of merchandise partners, manufacturers, and brands. Users may access Temu via the Temu Website through internet browsers on computers or mobile devices, or via the Temu App on mobile devices, such as Apple or Android phones or tablets.

4. To register a Temu account, users have always been required to accept Temu's Terms, whether the user registers on the Temu Website or via the Temu App.

5. Specifically, when a user clicks "Sign in/Register" on the Temu mobile app, a registration prompt appears before the user can proceed (the "Registration Prompt"). Throughout the March 2023-November 2023 time period relevant here (when, as discussed below, Plaintiffs created their accounts), the Registration Prompt generally appeared as shown in Exhibit A to this Declaration.[1]

6. As reflected in Exhibit A, immediately underneath the "Continue" buttons on the Registration Prompt, the following text appears: "By continuing, you agree to our **Terms of Use** and **Privacy& Cookie Policy**." The bolded phrases link to Temu's Terms of Use and Privacy Policy, respectively, which users may review before accepting them. Users can proceed to create a Temu account only by clicking one of the "Continue" options on the screen.

7. In addition, if a user logs out after registering an account, then, each time they log back in, the user again is shown the Registration Prompt and must assent to the Terms, by inputting their credentials and pressing one of the "Continue" options.

---

[1] The screenshot shown in Exhibit A specifically depicts how the Registration Prompt would have appeared to a user on an Apple device. On an Android device, the option to "Continue with Apple" does not appear, but otherwise the screen would be identical to what is shown in Exhibit A. Further, during the course of October 2023, Temu made minor cosmetic changes to the Registration Prompt, but it remained materially the same.

## II. Temu Records Reflect That Each of the Plaintiffs Accepted Temu's Terms

8. In my position, I am familiar with and have access to Temu databases of account records. These records are automatically generated by various types of user activity as part of Temu's standard business operations, and they are kept in the course of Temu's regularly conducted business activity.

9. Among other records of user activity, Temu maintains records of when a user first registered their account, the device they used to register the account, how they chose to register (e.g., through their phone number or email, or through a preexisting Facebook, Google, Apple, or Twitter/X account), the number of subsequent logins associated with that account, and the purchase history of the account.

10. I understand that in response to Temu's counsel's request, Plaintiffs' counsel provided the email address associated with each Plaintiff's Temu account. I have queried Temu's records for information related to the email addresses provided and identified the records for each Plaintiff's Temu account.

11. As discussed below, Temu's records show that each Plaintiff went through the account registration process described above (¶¶ 5-6), thereby assenting to Temu's Terms.

### A. Plaintiff Jehan Ziboukh

12. Plaintiffs provided the email address gigiandleslie@gmail.com for Jehan Ziboukh's Temu account. I have identified a Temu account associated with this email address.

13. According to Temu records, the account was created on September 30, 2023, via the Temu App on an iOS device. To create the account, Ziboukh clicked the "Continue with Google" button on the Registration Prompt, thereby accepting the Terms.

14. I identified five subsequent logins associated with this account. At each login, Ziboukh was again shown and proceeded to log in through the Registration Prompt, which stated that by continuing, Ziboukh was agreeing to the Terms.

**B. Plaintiff Margret Philie**

15. Plaintiffs provided the email address sqc6cz5gxf@privaterelay.appleid.com for Margret Philie's Temu account.[2] I have identified a Temu account associated with this email address.

16. According to Temu records, the account was created on June 14, 2023, via the Temu App on an iOS device. To create the account, Philie clicked the "Continue with Apple" button on the Registration Prompt, thereby accepting the Terms.

17. I identified one subsequent login associated with this account from the Temu Website, which means Philie was again shown and proceeded to log in through the Registration Prompt, which stated that by continuing, Philie was agreeing to the Terms.

**C. Plaintiff Vera Figlock**

18. Plaintiffs provided the email address dftba365@gmail.com for Vera Figlock's Temu account. I have identified a Temu account associated with this email address.

19. According to Temu records, the account was created on October 15, 2023, via the Temu App on an iOS device. To create the account, Figlock clicked the "Continue with Facebook" button on the Registration Prompt, thereby accepting the Terms.

---

[2] Accounts registered with an email address from the domain @privaterelay.appleid.com were registered through "private relay," which is an email service—offered to Apple account holders—that hides the user's real email address and allows them to log in with an automatically generated email address.

**D. Plaintiff Nicole May**

20. Plaintiffs provided the email address sierra1373@yahoo.com for Nicole May's Temu account. I have identified a Temu account associated with this email address.

21. According to Temu records, the account was created on April 26, 2023, via the Temu App on an iOS device. To create the account, May entered her mobile number and clicked the "Continue" button on the Registration Prompt, thereby accepting the Terms.

**E. Plaintiff Tyana Daugherty**

22. Plaintiffs provided the email address tyanamauricette23@gmail.com for Tyana Daugherty's Temu account. I have identified a Temu account associated with this email address.

23. According to Temu records, the account was created on September 11, 2023, via the Temu App on an Android device. To create the account, Daugherty clicked the "Continue with Google" button on the Registration Prompt, thereby accepting the Terms.

24. I identified one subsequent login associated with this account from the Temu Website, which means Daugherty was again shown and proceeded to log in through the Registration Prompt, which stated that by continuing, Daugherty was agreeing to the Terms.

**F. Plaintiff Solaliz Hernandez**

25. Plaintiffs provided the email address snshyne@hotmail.com for Solaliz Hernandez's Temu account. I have identified a Temu account associated with this email address.

26. According to Temu records, the account was created on July 2, 2023, via the Temu App on an Android device. To create the account, Hernandez entered her email address and clicked the "Continue" button on the Registration Prompt, thereby accepting the Terms.

### G. Plaintiff Debra Krystyn

27. Plaintiffs provided the email address tazkitty@hotmail.com for Debra Krystyn's Temu account. I have identified a Temu account associated with this email address.

28. According to Temu records, the account was created on March 13, 2023, via the Temu App on an Android device. To create the account, Krystyn clicked the "Continue with Facebook" button on the Registration Prompt, thereby accepting the Terms.

29. I identified one subsequent login associated with this account from the Temu App on an Android device, which means that Krystyn was again shown and proceeded to log in through the Registration Prompt, which stated that by continuing, Krystyn was agreeing to the Terms.

## III. The Current Terms, Like All Versions of the Terms in Effect During the Relevant Timeframe, Contain an Arbitration Provision

30. Throughout the time period relevant here (including all of the times on which Plaintiffs created their accounts or logged back into the Temu App), the Terms contained a provision advising users in capital letters that "THESE TERMS ARE SUBJECT TO CHANGE BY [TEMU] IN OUR SOLE DISCRETION AT ANY TIME," and stating that Temu would publish a copy of such updated Terms on its website and "update the 'Last Updated' date at the top of the Terms." Ex. B § 1.6. The Terms further stated that any such amended Terms would be enforceable to any existing account-holder within thirty days after posting.

31. Attached as Exhibit B is the most recently updated version of the Terms posted more than thirty days prior to the date of this declaration, which were posted specifically on December 29, 2023. The Terms contain an arbitration provision with the terms described in the Motion. All versions of the Terms in effect throughout the March 2023-November 2023 time period relevant here likewise contained an arbitration provision with the terms described in the Motion.

I declare under the penalty of perjury, that the foregoing is true and correct, and that I executed this Declaration on February 9, 2024 in Boston, Massachusetts.

Michael Trinh