UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEHAN ZIBOUKH, MAARGRET PHILIE, VERA FIGLOCK, NICOLE MAY, TYANDA DAUGHTERY, SOLALIZ HERNANDEZ, DEBRA KRYSTYN, I.E., a minor, CYNTHIA RODRIGUEZ, J.P., a minor, MIGUEL ACOSTA, VINSON MANGOS, NOAH KUPPER, J.P., a minor, CHRISTIAN VEGA, A.H., a minor, OLAYA BOURAKKADI AMRANI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHALECO INC. d/b/a TEMU, and PDD HOLDINGS INC.,<br><br>Defendants. | No. 23 CV 15653<br><br>Judge Thomas M. Durkin |

## ORDER

Plaintiffs move to transfer venue from the Northern District of Illinois ("NDIL") to the Eastern District of New York ("EDNY") pursuant to 28 U.S.C. § 1404(a). R. 29. Defendants Whaleco Inc. d/b/a Temu ("Temu") and PDD Holdings Inc. ("PDD Holdings") oppose transferring venue.[1] R. 36. For the following reasons, Plaintiffs' motion is granted.

---

[1] PDD Holdings owns the company that operates Temu. R. 21 ¶ 31.

**Discussion**

This case is a putative class action against Temu. The Amended Complaint alleges that Temu's smart phone app unlawfully violated users' privacy rights by secretly amassing data on users' smart phones. *See* R. 21. A similar class action against Temu, *Hu v. Whaleco Inc.*, No. 23-cv-6962 (E.D.N.Y.), is pending in the EDNY. The Amended Complaint in this case (R. 21) and the Amended Complaint in the *Hu* litigation (R. 31-2) raise overlapping factual allegations and causes of action. Both cases propose a national class of effectively the same individuals. *Compare* R. 21 ¶ 157 (national class of all persons who "used the Temu platform") *with* R. 31-2 ¶ 174 (national class of all persons "who registered an account with Temu"). Both cases also face a similar procedural posture. In this case, Temu is prepared to file a motion to compel arbitration. R. 36 at 13. In the *Hu* litigation, Temu filed its motion to compel arbitration on April 19, 2024 and the parties are currently briefing that issue. *See* R. 31-6. Also in both cases, the respective courts have stayed discovery pending resolution of the motion to compel. *Compare* R. 27 *with* R. 31-5.

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The parties do not dispute whether venue is proper in the EDNY. Thus, the motion to transfer hinges on whether transfer of venue will promote the convenience of the litigants and the interests of justice.

Regarding convenience, Temu argues that it would be inconvenienced by transfer because it has already invested in legal counsel based in Chicago and it has already drafted its motion to compel arbitration under Seventh Circuit law. R. 36 at 13. Strangely, Temu ignores its own "Terms of Use" when making this argument. Temu's Terms of Use contain an "Exclusive Venue [Clause]" requiring that any dispute "not subject to arbitration . . . shall be decided exclusively by . . . a court of competent jurisdiction in New York, New York." R. 37-1 § 18.4. The parties dispute whether the Terms of Use are enforceable, but to the extent Temu argues it would be inconvenienced by transfer of venue to the EDNY, this argument is inconsistent with Temu's own Terms of Use. The Court further finds that Temu will not be inconvenienced by transfer to the EDNY because it has already hired New York counsel for the *Hu* litigation and it has already prepared a motion to compel arbitration under Second Circuit law, much of which it can recycle for this case.

Regarding the interests of justice, courts have repeatedly and previously "recognized the strong policy in favor of transferring a case to the district where a related action is pending." *Keppen v. Burlington N. R. Co.*, 749 F. Supp. 181, 184 (N.D. Ill. 1990). This not only protects duplication of effort by courts and litigants but ensures consistent outcomes. Here, the existence of the *Hu* litigation in the EDNY is a strong factor supporting transfer.

For these reasons, Plaintiffs' motion to transfer venue (R. 29) is granted. This case shall be transferred to the Eastern District of New York where the related *Hu* litigation is pending.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

DATED: May 8, 2024