HAGENS BERMAN

Jeannie Evans jeannie@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
hbsslaw.com | 708-628-4966 phone | 708-628-4950 fax

March 28, 2025

*Via ECF*

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Plaintiffs' Notice of Supplemental Authority
*Ziboukh et al v. Whaleco Inc. et al*, No. 1:24-cv-03733-MKB-RML (E.D.N.Y.)

Dear Chief Judge Brodie,

Plaintiffs write in response to Defendants' March 18, 2025, Notice of Supplemental Authority (Doc. 85) and to submit additional authority in Opposition to Defendants' Motion to Compel Arbitration (Doc. 75). Defendants' assertion that the supplemental case they submit, *Jones v. Starz Entertainment LLC,* "rejects arguments that Plaintiffs advanced here in opposing arbitration" is incorrect. In *Jones*—unlike here—both plaintiffs and defendants *agreed* that the case should be arbitrated. The plaintiffs went to court only after the arbitration provider the parties agreed on entered an order consolidating claims of thousands of plaintiffs on a "pre-arbitration" basis under its rules, and the parties were unable to agree on an arbitrator. While the plaintiffs also raised the unconscionability of certain provisions in the arbitration agreement, the court did "not reach the issue of unconscionability," concluding that plaintiffs could not raise unconscionability when they were the party seeking arbitration—unlike the plaintiffs here, who object to arbitration. 2025 WL 649705, at *3 (9th Cir. Feb. 28, 2025); *id.* at *7 ("unconscionability is always invoked by the party seeking to avoid enforcement"). Moreover, the language in the agreement here—unlike in *Jones*—prohibits "consolidation" of arbitration claims. (7/28/03 Terms §§ 20.4, 20.7.)

However, the Ninth Circuit issued another decision the day before it issued *Jones* that is relevant to the issues here, concluding that defendants failed to give adequate notice of the arbitration clause under circumstances similar to those here, and denying arbitration on that ground. *See Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1158 (9th Cir. 2025) (attached as Exhibit A) (consumer's click of "continue" button was not an unambiguous manifestation of assent to terms of use).

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO, LLP

*/s/ Jeannie Evans*

Jeannie Evans

cc: All counsel of record (via ECF)