HAGENS BERMAN

Jeannie Evans
**HAGENS BERMAN SOBOL SHAPIRO LLP**
jeannie@hbsslaw.com | hbsslaw.com
708-628-4966 phone | 708-628-4950 fax

July 3, 2025

*Via ECF*

Hon. Margo K. Brodie
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Notice of Supplemental Authority
*Ziboukh et al v. Whaleco Inc. et al*, No. 1:24-cv-03733-MKB-RML (E.D.N.Y.)

Dear Chief Judge Brodie,

I write on behalf of Plaintiffs in the above-captioned action. Plaintiffs respectfully submit the three attached supplemental authorities in support of their Opposition to Defendants' Motion to Dismiss, ECF No. 72.

As the Court is aware, the State of Arkansas brought an enforcement action against Defendants alleging various data privacy violations. While Defendants initially moved to dismiss Defendant PDD Holdings, Inc. for lack of personal jurisdiction in the Arkansas action on similar grounds, Defendants recently withdrew that motion and indicated that they would not challenge personal jurisdiction. (4/29/25 Transcript, *Arkansas v. PDD Holdings, Inc.*, No. 12CV-24-149 (Ark. Cir. Ct.), at 5, 117-118, Ex. A; Ark. Am. Compl. ¶ 37, Ex. B.) This development further demonstrates that this Court may likewise exercise personal jurisdiction over Defendant PDD Holdings, Inc. and that Defendants' motion to dismiss PDD Holdings, Inc. for lack of personal jurisdiction should be denied.

In addition, Plaintiffs attach the Amended Complaint filed by the State of Arkansas that further refutes Defendants' contention in their Opposition that there was no "independent investigation carried out by the Arkansas AG prior to bringing suit." (ECF No. 71, at 6 n.8.) The Amended Complaint contains extensive forensic analysis of Temu's code and specifically states that "all factual allegations in this Complaint about the technical design, functionality, and features of the Temu app are based on the State's own investigation based on what is currently available for its review and do not rely or depend on any outside forensic analysis." (Ark. Am. Compl. ¶ 14, Ex. B.) Moreover, the State indicates that through its own forensic analysis it was "able to independently confirm many of the concerns raised in … public reports." (*Id.*)

Finally, Plaintiffs also attach the complaint recently filed against Defendants by the State of Nebraska, which likewise states that "the State has conducted its own independent forensic investigation of the Temu app, including a review of its code" and concluded, among other things, that "Defendants' actions also adversely impact non-users of Temu who have had electronic communications with Temu users or whose data is stored on the device of a Temu user because their data is subject to harvesting by Defendants without their knowledge." (Neb. Compl. ¶¶ 8, 148, Ex. C.)

Respectfully,

HAGENS BERMAN SOBOL SHAPIRO, LLP

*/s/ Jeannie Evans*

Jeannie Evans

cc: All counsel of record via ECF