**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEHAN ZIBOUKH, MARGRET PHILIE, VERA FIGLOCK, NICOLE MAY, TYANA DAUGHTERY, SOLALIZ HERNANDEZ, DEBRA KRYSTYN, I.E., A MINOR, CYNTHIA RODRIGUEZ, J.P., A MINOR, MIGUEL ACOSTA, VINSON MANGOS, NOAH KUPPER, J.P. A MINOR, CHRISTIAN VEGA, A.H. A MINOR, AND OLAYA BOURAKKADI AMRANI, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>WHALECO INC. D/B/A TEMU, AND PDD HOLDINGS INC. F/K/A PINDUODUO INC.,<br><br>    Defendants. | Case No. 1:24-cv-3733-MKB-RML<br><br>Judge Margo K. Brodie<br><br>Magistrate Judge Robert M. Levy |

**PLAINTIFFS' MOTION FOR APPROVAL OF VOLUNTARY DISMISSAL**
**WITH PREJUDICE OF CLAIMS (ECF 99) BY THE MINOR USER PLAINTIFFS**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................................................1

II.  BACKGROUND ........................................................................................................1

III.  STANDARD OF REVIEW ........................................................................................3

IV.  ARGUMENT..............................................................................................................4

    A.  The Court Should Enter An Order Approving Voluntary Dismissal of the Minor Plaintiffs' Claims. ................................................................4

        1.  The New York State statute and rules have been satisfied under the facts and compromise at issue here............................................ 5

        2.  No rulings regarding payments or disbursements to counsel are needed. ...................................................................... 7

        3.  As no monetary recovery occurred, no distribution order need enter. ....................................................................... 8

    B.  Counsel and the Minor Plaintiffs Respectfully Request That The Court Excuse Appearance on this Motion, Good Cause Exists For The Same. ..............................................................................8

V.  CONCLUSION.......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.D., Plaintiffs, v. Port Jefferson Sch. Dist., Defendant.*,
No. 2:23-CV-2976 (NJC) (ARL), 2026 WL 502151 (E.D.N.Y. Feb. 23, 2026) ..................... 8

*Allen v. Robert's Am. Gourmet Food, Inc.*,
No. 07-CV-2661(NGG)(ETB), 2009 WL 2951980 (E.D.N.Y. Sept. 8, 2009) ............... *passim*

*Bermudez v. Rogelio*,
2005 N.Y. Slip Op. 51213U (N.Y. Civ. Ct. July 29, 2005) ..................................................... 9

*Jurdine ex rel. Jurdine v. City of New York*,
No. 07 CV 2915, 2008 WL 974650 (E.D.N.Y. April 8, 2008) ................................................ 4

*Neilson v. Colgate-Palmolive Co.*,
199 F.3d 642 (2d Cir. 1999) .................................................................................................... 5

**Statutes**

New York Judiciary Law § 474 .............................................................................................. 5, 6

**Other Authorities**

Fed. R. Civ. P. 41(a) ............................................................................................................ 1, 4, 9

Local Civ. R. 83.2(a) ............................................................................................... *passim*

N.Y. C.P.L.R. § 1205 ........................................................................................................... 4, 6

N.Y. C.P.L.R. § 1206 .............................................................................................................. 6

N.Y. C.P.L.R. § 1207 ........................................................................................................... 6, 7

N.Y. C.P.L.R. § 1208 ........................................................................................................... 7, 8

## I.    INTRODUCTION

Plaintiffs, J.O.,[1] a minor, by and through his father and legal guardian, Bryan Massey, J.P a minor, by and through his mother and legal guardian, Gissell Fernandez, and A.H., a minor, by and through her legal guardian Tracey Johnson (the "Minor User Plaintiffs"), and in accordance with the Court's orders entered on October 14, 2025 and January 14, 2026, hereby move for judicial approval of the Minor User Plaintiffs' Stipulation of Voluntary Dismissal, previously filed at ECF 99. This motion follows heavily disputed motion practice that resulted in dismissal of claims by some Plaintiffs as well as an order directing other claims to be submitted to arbitration. After completion of this motion practice, Defendants indicated an intent to seek costs to compel arbitration under a cost and fee shifting provision. As a result, the Minor User Plaintiffs, together with other Plaintiffs, filed a Stipulation of Voluntary Dismissal, with prejudice, with each party to bear their own costs and fees. As to all non-minor Plaintiffs, that voluntary dismissal automatically executed by operation of Fed. R. Civ. P. 41(a)(A)(ii). The same result should apply to the Minor User Plaintiffs as the requirements of Local Civil Rule 83.2(a) have been satisfied or do not apply, along with all others applicable under the facts of this case per New York law. As a result, the Minor User Plaintiffs respectfully request that the Court approve their Stipulation of Voluntary Dismissal (ECF 99).

## II.    BACKGROUND

The claims asserted in this case on behalf of all Plaintiffs, including but not limited to the Minor User Plaintiffs, arose out of alleged privacy violations in connection with Plaintiffs' use of Defendants' Temu shopping app under federal and state statutes and state common laws. Evans

---

[1] The Second Amended Class Action Complaint referred to J.O. as "J.P." ECF 64 at ¶ 21. It should read as indicated here.

Aff. ¶ 2 (Exhibit 1); *See generally* Second Amended Class Action Complaint (ECF 64). At all times, these claims have been disputed by Defendants. Evans Aff. ¶ 2.

On November 4, 2024, Defendants moved, *inter alia*, to compel arbitration of the Minors' Users claims, which Plaintiffs opposed. *See* ECF 94 at 3. Plaintiffs' opposition arguments before this Court were not successful. After full briefing, on August 14, 2025, the Court granted Defendants' motion to compel arbitration of the claims as to Temu. ECF 94 at 3-4. And, as part of the Court's ruling, it also ruled that the Minor Users' claims can be arbitrated. ECF 94 at 61-67. Following the Court's decision on arbitration, counsel for Defendants contacted counsel for Plaintiffs and stated that they believed the Court's decision on arbitration potentially triggered another provision of the Temu terms of service, a cost and fee shifting provision. Evans Aff. ¶ 4. Section 19.8 of the terms of service provides in pertinent part: "If you or we need to invoke the authority of a court of competent jurisdiction to compel arbitration, then the party that obtains an order compelling arbitration in such action shall have the right to collect from the other party, its reasonable costs, necessary disbursements, and reasonable attorneys' fees incurred in securing an order compelling arbitration." ECF 77-2.

Defendants expressed an intent to make a demand for costs under this provision, representing that they had expended extensive resources in defending this action. Evans Aff. ¶ 6. Defendants maintained that, while they were in the process of calculating the total amount, they had incurred hundreds of thousands of dollars in potential costs and fees paid to their counsel at Latham & Watkins—potentially exceeding $1 million in total.  Evans Aff. ¶ 6.

Such suggested costs far exceed any potential individual recovery in arbitration in a data privacy case like this, where the order of recovery, if completely successful, would amount to a few thousand dollars or less for each individual plaintiff. Evans Aff. ¶ 7. Even if a plaintiff were

to proceed with a claim in arbitration and prevail on the merits, the amount of any potential recovery would be dwarfed by the amount Defendants claim they are owed by the Plaintiffs under the fee/cost shifting provision now that the Court has compelled arbitration. Evans Aff. ¶ 8.

Because the continued monetary risk to Plaintiffs from application of Section 19.8's fee/cost shifting provisions, combined with the litigation risk associated with continuing to pursue a case the success of which was now undermined, vastly outweighed any potential and uncertain recovery, counsel explained the status of the case in light of the Court's arbitration ruling and recommended a course of action to the Minor User Plaintiffs that would eliminate this risk – a stipulation of voluntary dismissal, with prejudice, with each side to bear their own costs and fees. Evans Aff. ¶ 9. The Minor User Plaintiffs, like other Plaintiffs who were potentially impacted by the disputed fee/cost shifting provision, agreed with this recommended course of action and filed the Stipulation of Voluntary Dismissal. *See generally* ECF 99.

Because this stipulation involves the dismissal of claims brought by the Minor User Plaintiffs, by Minute Order entered on October 14, 2025, District Judge Brodie referred this stipulation of voluntary dismissal to Magistrate Judge Levy "to review whether the requirements of Local Rule 83.2 are satisfied." *See* Minute Order (Oct. 14, 2025). Magistrate Judge Levy in turn directed the Minor Plaintiffs to Move for approval of the compromise. *See* Minute Order (January 14, 2026). This motion follows.

### III.    STANDARD OF REVIEW

Generally, "[w]here a plaintiff is an infant, '[a] settlement must be reviewed by the Court to determine whether it is fair, whether the interests of the infant are protected, and whether the attorneys' fees sought are reasonable.'" *Allen v. Robert's Am. Gourmet Food, Inc.,* No. 07-CV-2661(NGG)(ETB), 2009 WL 2951980, at *9 (E.D.N.Y. Sept. 8, 2009) (quoting *Doe v.*

- 3 -

*Mattingly,* No. 06 CV 5761, 2007 WL 2362888, at \*1 (E.D.N.Y. Aug.14, 2007)); *See also* N.Y. C.P.L.R. §§ 1205–1208; Local Civ. R. 83.2(a)(1) ("An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the court ... The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statute and rules, but the court, for cause shown, may dispense with any New York State requirement"). "[T]he Court's role is to 'exercise the most jealous care that no injustice be done' to the infant." *Allen,* 2009 WL 2951980 (quoting *Southerland v. City of New York,* No. CV–99–3329, 2006 WL 2224432 (E.D.N.Y. Aug. 2, 2006)). And, under New York law, "it should be presumed that the guardian or parent of the infant is acting in the best interests of the child." *Jurdine ex rel. Jurdine v. City of New York,* No. 07 CV 2915, 2008 WL 974650, at \*3 (E.D.N.Y. April 8, 2008).

## IV.    ARGUMENT

### A.    The Court Should Enter An Order Approving Voluntary Dismissal of the Minor Plaintiffs' Claims.

The compromise at issue here, the Stipulation of Voluntary Dismissal With Prejudice (ECF 99), "with each side to bear their own costs and fees," is fair, treats minors equally with non-minors, and serves to protect the Minor User Plaintiffs from potential application of a disputed fee/cost shifting provision. The stipulation automatically executed as to all other non-Minor User Plaintiffs (*see* ECF 99 (relying on Fed. R. Civ. P. 41(a)(1)(ii)), justice requires approval and entry of the Stipulation of Voluntary Dismissal With Prejudice (ECF 99) as it applies to the Minor User Plaintiffs.

Local Civil Rule 83.2(a) governs the voluntary discontinuation of actions by or on behalf of the Minor User Plaintiffs. As the rule provides in relevant part:

> (1) An action by or on behalf of an infant or incompetent person must not be settled or compromised, or voluntarily discontinued,

- 4 -

> dismissed, or terminated without leave of the court embodied in an order, judgment, or decree. The proceeding upon an application to settle or compromise such an action must conform, as much as possible, to the New York State statutes and rules, but the court, for cause shown, may dispense with any New York State requirement.
>
> (2) The court must authorize payment to counsel for the infant or incompetent person of reasonable attorney's fees and proper disbursements from the amount recovered in the action, whether realized by settlement, execution, or otherwise, and must determine those fees and disbursements after due inquiry into all charges against the fund.
>
> (3) The court must order the balance of the proceeds of the recovery or settlement to be distributed as it deems may best protect the interest of the infant or incompetent.

Local Civ. R. 83.2(a). *See also Neilson v. Colgate-Palmolive Co.,* 199 F.3d 642, 655 (2d Cir. 1999) ("Rule 83.2 is hardly a rigid obligation imposed on district courts."). As further detailed below, each of these subparts have been satisfied or simply do not apply under the facts of this case.

> **1.    The New York State statute and rules have been satisfied under the facts and compromise at issue here.**

Under Local Civil Rule 83.2(a)(1), the Court should enter an order granting leave and approving the Minor User Plaintiffs' stipulation to voluntarily dismiss their claims, with prejudice, with each side to bear their own costs and fees. *See generally* ECF 99. Here, the stipulated voluntary dismissals of the Minor User Plaintiffs' claims adhere to the requirements of the applicable New York State statutes and rules for the dismissal of the claims by the Minor User Plaintiffs. *See generally* Minute Order (Jan. 14, 2026) (referencing the requirements for infant compromise and proceedings are set forth in New York Judiciary Law § 474 and the New York Civil Practice Laws and Rules §§ 1205-1208).

First, **New York Judiciary Law § 474**, governs the procedure applicable to the compensation of an attorney for services rendered to an infant. Here, however, counsel for the Minor User Plaintiffs does not seek compensation for service rendered. Evans Aff. ¶ 14. As a result, the provisions of Section 474 are inapplicable on this record.

Second, **N.Y. C.P.L.R. § 1205** directs that "[a]n infant, a person judicially declared to be incompetent, a conservatee, a person for whom a guardian ad litem has been appointed, or a representative of any such person, shall not be liable for costs unless the court otherwise orders." *Id.* Here, no Minor User Plaintiff is liable for costs. The Stipulation of Voluntary Dismissal With Prejudice (ECF 99) makes clear that the voluntary dismissal occurs "with each side to bear their own costs and fees." *Id.* Nor does Counsel for the Minor User Plaintiffs request or seek any fees or costs, Evans Aff. ¶ 14, confirming no infant shall be liable for any costs.

Third, **N.Y. C.P.L.R. § 1206**, does not apply. Section 1206 provides that "any property to which an infant, a person judicially declared to be incompetent or a conservatee is entitled, after deducting any expenses allowed by the court, shall be distributed to the guardian of his property, the committee of his property or conservator to be held for the use and benefit of such infant, incompetent, or conservatee… ." *Id.* Under the circumstances before the Court, there is no property to which the Minor User Plaintiffs are entitled or a fund to distribute to them, let alone a fund from which any expenses allowed by the Court would be deducted. Evans Aff. ¶ 15. The result here is a voluntary dismissal, with prejudice, with each side to bear their own costs and fees. As a result, no determinations regarding the distribution of property need be made.

Next, **N.Y. C.P.L.R. § 1207** provides in pertinent part that "[u]pon motion of a guardian of the property or guardian ad litem of an infant or, if there is no such guardian, then of a parent having legal custody of an infant, or if there is no such parent, by another person having legal

custody, or if the infant is married, by an adult spouse residing with the infant, or of the committee of the property of a person judicially declared to be incompetent, or of the conservator of the property of a conservatee, the court may order settlement of any action commenced by or on behalf of the infant, incompetent or conservatee." *Id.* Here, in accordance with this provision, this Court should exercise its power afforded to it by Section 1207 and enter the Stipulation of Voluntary Dismissal With Prejudice (ECF 99), "with each side to bear their own costs and fees." *Id.*

Finally, the requirements of **N.Y. C.P.L.R. § 1208** have also been satisfied. First, contemporaneously with this motion, the Minor User Plaintiffs submit the affidavits of their representatives. *See generally* Massey Aff. (Ex. 2), Fernandez Aff. (Ex. 3), Johnson Aff (Ex. 4). These affidavits contain the requirements of N.Y. C.P.L.R. 1208(a). *See generally* Ex. 2-4. In addition, the Minor User Plaintiffs submit the requisite affidavit of attorney, in satisfaction of the requirements of N.Y. C.P.L.R. 1208(b) and (e).[2] *See generally* Evans Aff. (Ex. 1).

**2.    No rulings regarding payments or disbursements to counsel are needed.**

Second, Local Civil Rule 83.2(a)(2) requires no action from the Court. This component of the local rule directs that "[t]he court must authorize payment to counsel for the infant or incompetent person of reasonable attorney's fees and proper disbursements from the amount recovered in the action, whether realized by settlement, execution, or otherwise, and must determine those fees and disbursements after due inquiry into all charges against the fund." Local Civ. R. 83.2(a)(2). Here, no payment authorization of payment is needed or necessary as no money was recovered in the action, let alone money that would be used to pay reasonable

---

[2] Because this case does not involve an action or claim for damages for personal injuries to the infant, N.Y. C.P.L.R. 1207(c) does not apply to the facts here. And because the infant is represented by counsel, N.Y. C.P.L.R. 1207(f) does not apply to the facts here.

attorney's fees or other proper disbursements, which counsel do not seek. Evans Aff. ¶ 14. As the Stipulation of Voluntary Dismissal With Prejudice (ECF 99) directs, the voluntary dismissal occurs "with each side to bear their own costs and fees." *Id.*

  **3.**  **As no monetary recovery occurred, no distribution order need enter.**

  Finally, Local Civil Rule 83.2(a)(3) directs that "[t]he court must order the balance of the proceeds of the recovery or settlement to be distributed as it deems may best protect the interest of the infant or incompetent." Local Civ. R. 83.2(a)(3). Again, as there is no "proceeds of the recovery or settlement" to be distributed, no Court order on distribution needs to enter as to this issue. Instead, the compromise at issue eliminates monetary risk to the Minor User Plaintiffs from potential application of Section 19.8's fee/cost shifting provisions. Evans Aff. ¶ 9. *See generally* ECF 99.

**B.**  **Counsel and the Minor Plaintiffs Respectfully Request That The Court Excuse Appearance on this Motion, Good Cause Exists For The Same.**

  Given the foregoing, Counsel and the Minor User Plaintiffs further request that the Court rule on the papers and excuse the need for an appearance before the Court, whether by the Minor User Plaintiffs, their parents/guardians, or counsel. As noted in *Allen v. Robert's Am. Gourmet Food, Inc.,* No. 07-CV-2661(NGG)(ETB), 2009 WL 2951980, at *9 (E.D.N.Y. Sept. 8, 2009), New York State procedure directs that the infant and his or her attorney appear before the Court, unless their absence is excused for good cause. *Id.* (citing N.Y. C.P.L.R. § 1208(d)). Here, good cause exists for excusing the attendance requirement of N.Y. C.P.L.R. § 1208(d) as "the court may conduct a hearing or it may dispense with such a hearing" where, as here, "the parties' submissions contain sufficient information to determine the motion." *Adam Daderian & Maria Daderian, individually, & as parents & natural guardians of infant A.D., Plaintiffs, v. Port*

- 8 -

*Jefferson Sch. Dist., Defendant.,* No. 2:23-CV-2976 (NJC) (ARL), 2026 WL 502151, at \*2 (E.D.N.Y. Feb. 23, 2026) (internal citations and quotations omitted).

"'In determining whether good cause [to excuse the infant's appearance] has been shown, the court will consider whether the infant's appearance is necessary for a proper determination of settlement, and whether it would constitute a particular or unnecessary hardship if attendance is required.'" *Allen*, 2009 WL 2951980, at \*9 (quoting *Linda J. v. Wharton,* 156 Misc.2d 830, 594 N.Y.S.2d 971, 972 (N.Y. City Civ. Ct.1992)). *See also id.* (citing *Bermudez v. Rogelio,* 2005 N.Y. Slip Op. 51213U, at \*1 (N.Y. Civ. Ct. July 29, 2005), as applying the following factors in determining whether to excuse an infant's appearance for good cause: (1) the nature and extent of the injuries; (2) the permanency of the injuries; (3) the degree of recovery attested to by a physician; (4) the infant's age; (5) the amount of the settlement; and (6) the nature of the hardship in having the infant appear).

Here, given the nature of the compromise at issue here, a voluntary dismissal with prejudice of privacy claims (of a non-personal/physical injury nature),[3] the Court can readily rule on the papers and no appearance is needed from the infant, parent/guardian, or counsel in order to enter an order granting the stipulation of voluntary dismissal. Indeed, as to all other Plaintiffs subject to the stipulation, the voluntary dismissal has already entered automatically under the provisions of Fed. R. Civ. P. 41(a)(1)(ii).

Second, hardship would ensue absent a determination excusing the infant's appearance. Here, the Minor User Plaintiffs are age 11 (J.O.), 11 (A.H.), and 15 (J.P.) and located across the country in Illinois, Virginia and New York respectively, and would otherwise be expected to travel from their homes and leave school for appearance at a hearing – all in a case where no

---

[3] As such, the *Bermudez* factors of the nature and extent of the injuries, the permanence of the injuries, the degree of recovery attested to the physician, are inapplicable here.

monetary compensation ensues. *See Allen*, 2009 WL 2951980, at \*9 (excusing appearance requirement where, *inter alia*, "the individual infant plaintiffs and their parents reside in various states throughout the country as well as in Canada."). Moreover, the nature of the alleged injuries challenged in the lawsuit – alleged privacy violations arising out of the Minor User Plaintiffs' use of a commercially available shopping app which did not result in a judgment – are not of the nature of a permanent injury or disability requiring judicial inspection. *See id.* (noting "none of the infants have sustained any residual effects from the *Salmonella* illness each suffered, which would require the Court to personally view their injuries. Unlike cases in which the infant suffers a permanent injury or disability, this is not a case where [i]t would be impossible for the court to evaluate the infant[s'] injuries without [their] personal apperance[s] ..."). Accordingly, the good cause requirement has been satisfied on this record.

## V.    CONCLUSION

Accordingly, for the reasons provided above, and for good cause shown, Plaintiffs respectfully request that the Court enter an order approving the Stipulation of Voluntary Dismissal with Prejudice (ECF 99). The Minor User Plaintiffs further request the Court grant them all such other relief that the Court deems necessary and appropriate.

Dated: March 13, 2026

Respectfully submitted by,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Jeannie Evans*

Jeannie Evans (Bar No. 6296339)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile:  (708) 628-4952
jeannie@hbsslaw.com

Steve W. Berman (Bar No. 3126833)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Nathaniel A. Tarnor, #4742797
HAGENS BERMAN SOBOL SHAPIRO LLP
68 3rd Street, Suite 249
Brooklyn, NY 11231
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

**ALPHEUS LLC**

Douglas G. Smith
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 451-6708
dsmith@alpheusllc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ Jeannie Evans*
Jeannie Evans