UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
EHAN ZIBOUKH, MARGRET PHILIE,
VERA FIGLOCK, NICOLE MAY, TYANA
DAUGHTERY, SOLALIZ HERNANDEZ,
DEBRA KRYSTYN, I.E., A MINOR,
CYNTHIA RODRIGUEZ, J.P., A MINOR,
MIGUEL ACOSTA, VINSON MANGOS,
NOAH KUPPER, J.P., A MINOR,
CHRISTIAN VEGA, A.H., A MINOR, and
OLAYA BOURAKKADI AMRANI,
on behalf of themselves and all others
similarly situated,

             Plaintiffs,

     -against-

WHALECO INC. D/B/A TEMU, and
PDD HOLDINGS INC. F/K/A
PINDUODUO INC.,

           Defendants.
---------------------------------------------------------X

REPORT AND
RECOMMENDATION
24 CV 3733 (RML)(MKB)

LEVY, United States Magistrate Judge:

      Pending before me, on referral from the Honorable Margo K. Brodie, United States District Judge, is the Minor User Plaintiffs' motion for court approval of the stipulation for voluntary dismissal with prejudice.  (See Order Referring Motion, dated Oct. 14, 2025.)  For the reasons stated below, I recommend that the motion be granted and that the Minor User Plaintiffs' claims be dismissed with prejudice.

## BACKGROUND

      Plaintiffs—including J.O.,[1] a minor, by and through his father and legal guardian, Bryan Massey; J.P, a minor, by and through his mother and legal guardian, Gissell Fernandez;

---

[1] According to plaintiffs, "J.P.," as referred to in the operative complaint, should read as "J.O." (Motion for Approval of Infant Compromise, filed Mar. 13, 2026, Dkt. No. 104, at 1 n.1.)

and A.H., a minor, by and through her legal guardian, Tracey Johnson (collectively, the "Minor User Plaintiffs")—initiated this putative class action against defendants Whaleco, Inc., doing business as Temu ("Temu"), and PDD Holdings, formerly known as Pinduoduo Inc. (together, "defendants") for alleged privacy violations under federal and state statutes and state common laws.  (See generally Second Amended Complaint, filed Sept. 20, 2024, Dkt. No. 64.)  On November 4, 2024, defendants moved, inter alia, to compel arbitration of the Minor User Plaintiffs' claims, which plaintiffs opposed.  After full briefing, on August 14, 2025, the court granted defendants' motion to compel arbitration of the claims as to Temu and ruled that the Minor User Plaintiffs' claims can be arbitrated.  (Memorandum and Order, dated Aug. 14, 2024, Dkt. No. 94, at 3–4, 61–67.)

Following the court's decision, counsel for defendants advised plaintiffs of their intention to seek potentially hundreds of thousands of dollars in fees incurred in securing the court's order compelling arbitration.  (Affidavit of Jeannie Y. Evans, Esq., sworn to Mar. 13, 2026 ("Evans Aff.), Dkt. No. 104-1, ¶¶ 4–6.)  According to plaintiffs' counsel, "[s]uch suggested costs far exceed any potential individual recovery in arbitration . . . [which] would amount to a few thousand dollars or less . . . ."  (Id. ¶ 7.)  Due to the monetary risks associated with continuing to pursue their claims, plaintiffs seek voluntarily dismissal with prejudice, with each party to bear their own costs and fees, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  (Id. ¶ 9; Stipulation of Voluntary Dismissal, filed Oct. 13, 2025 ("Stipulation"), Dkt. No. 99.)

Judge Brodie referred the stipulation for review as to whether plaintiffs had satisfied the requirements under Local Civil Rule 83.2(a), governing actions by an infant.  (Order Referring Motion, dated Oct. 14, 2025.)  In response to an additional court order, plaintiffs moved for approval of infant compromise on March 13, 2026.  (Motion for Approval of Infant

2

Compromise, filed Mar. 13, 2026, Dkt. No. 104.)  The Minor User Plaintiffs seek court approval

to dismiss their claims with prejudice, pursuant to the stipulation of voluntary dismissal.  (Id.)

### DISCUSSION

"An action by or on behalf of an infant . . . shall not be settled or compromised, or

voluntarily discontinued, dismissed or terminated, without leave of the court embodied in an

order, judgment or decree."  LOC. CIV. R. 83.2(a)(1).  The court's proceedings must "conform, as

much as possible, to the New York State statutes and rules, but the court, for good cause shown,

may dispense with any New York State requirements."  Id.  The New York requirements for

infant compromise proceedings are set forth in New York Judiciary Law § 474[2] and the New

York Civil Practice Laws and Rules §§ 1205–1208, which require, among other things, an

affidavit from the infant's representative stating "the terms and proposed distribution of the

settlement and [the representative's] approval of both."  N.Y. C.P.L.R. § 1208(a)(5).  "The court

must determine 'whether it is fair, whether the interests of the infant plaintiff are protected, and

whether the attorneys' fees sought are reasonable.'"  Black v. Dain, No. 16 CV 1238, 2021 WL

1146559, at *1 (E.D.N.Y. Mar. 9, 2021) (quoting Doe v. Mattingly, No. 06 CV 5761, 2007 WL

2362888, at *1 (E.D.N.Y. Aug. 14, 2007)), report and recommendation adopted, 2021 WL

1146041 (E.D.N.Y. Mar. 25, 2021).

"A strong presumption exists that a settlement is fair and reasonable where (i) the

settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents

have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable

counsel to act intelligently."  Camac v. Long Beach City Sch. Dist., No. 09 CV 5309, 2012 WL

---

[2]  Because counsel for the Minor User Plaintiffs do not seek compensation for their services, (Evans Aff. ¶ 14), the provisions of New York Judiciary Law § 474 are inapplicable.

3277228, at *4 (E.D.N.Y. July 25, 2012) (citing Mattingly, 2007 WL 2362888, at *2), report and recommendation adopted, 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013).  Proposed settlements that have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests and should therefore be afforded some level of deference.  See Sch. for Language & Commc'n Dev. v. N.Y.S. Dep't of Educ., No. 02 CV 269, 2010 WL 1740416, at *3 (E.D.N.Y. Apr. 7, 2010), supplemented, 2010 WL 1752192 (E.D.N.Y. Apr. 26, 2010), report and recommendation adopted, 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010). Furthermore, while the court may conduct an infant compromise hearing, it is not required where, as here, the necessary information is available from the documents and affidavits submitted in support of the motion.  See Black, 2021 WL 1146559, at *2 (citing Sch. for Language of Commc'n Dev., 2010 WL 1740416, at *2).

Having examined the record and the Minor User Plaintiffs' submissions,[3] which conform with N.Y. C.P.L.R. § 1208, I conclude that the stipulation is fair, reasonable and in the best interests of the Minor User Plaintiffs.  There is nothing in the record to rebut the presumption that the compromise is fair and reasonable.  The settlement was reached after arm's length negotiation by competent and experienced counsel.  (See Evans Aff. ¶¶ 2–9.)  Finally, the court notes that the Minor User Plaintiffs' parents and legal guardians agree that voluntary dismissal of the Minor User Plaintiffs' claims, with prejudice and with each side bearing their own costs and fees, is in the Minor User Plaintiffs' best interests.  (See Affidavit of Bryan Massey, sworn to Mar. 11, 2026, Dkt. No. 104-2, ¶ 7; Affidavit of Gissell Fernandez, sworn to Mar. 12, 2026, Dkt. No. 104-3, ¶ 7; Affidavit of Tracey Johnson, sworn to Mar. 11, 2026, Dkt.

---

[3]  (See Evans Aff.; Affidavit of Bryan Massey, sworn to Mar. 11, 2026, Dkt. No. 104-2; Affidavit of Gissell Fernandez, sworn to Mar. 12, 2026, Dkt. No. 104-3; Affidavit of Tracey Johnson, sworn to Mar. 11, 2026, Dkt. No. 104-4.)

No. 104-4, ¶ 7.)  Accordingly, I find that the stipulation is fair and reasonable compared to the monetary risks of continuing litigation.

CONCLUSION

For the reasons set forth above, I respectfully recommend that the motion be granted, and the Minor User Plaintiffs' claims be dismissed with prejudice, in accordance with the stipulation of voluntary dismissal.  Any objections to this Report and Recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
        March 26, 2026