UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

JEHAN ZIBOUKH, MARGRET PHILIE, VERA
FIGLOCK, NICOLE MAY, TYANA
DAUGHTERY, SOLALIZ HERNANDEZ, DEBRA
KRYSTYN, I.E., A MINOR, CYNTHIA
RODRIGUEZ, J.P., A MINOR, MIGUEL
ACOSTA, VINSON MANGOS, NOAH KUPPER,
J.P., A MINOR, CHRISTIAN VEGA, A.H., A
MINOR, AND OLAYA BOURAKKADI
AMRANI, *on behalf of themselves and others
similarly situated*,

**MEMORANDUM & ORDER**
24-CV-3733 (MKB) (RML)

Plaintiffs,

v.

WHALECO, INC., *doing business as* TEMU, and
PDD HOLDINGS INC., *formerly known as*
PINDUODUO INC.,

Defendants.

----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs commenced the above-captioned proposed class action on November 3, 2023,

against Defendants Whaleco, Inc., doing business as Temu ("Temu"), and PDD Holdings Inc.,

formerly known as Pinduoduo Inc. ("PDD"), for alleged privacy violations under federal and

state statutes and state common laws.  (Compl., Docket Entry No. 1; Second Amended

Complaint ("SAC"), Docket Entry No. 64.)  On November 4, 2024, Defendants moved, *inter

alia*, to compel arbitration of Plaintiffs' claims.  (Defs.' Mot. to Dismiss, Docket Entry No. 70;

Defs.' Mot. to Compel, Docket Entry No. 75.)  On August 14, 2025, the Court granted

Defendants' motion to compel arbitration of Users and Minor Users[1] claims against Temu. (August 2025 Decision.)  Subsequently, on October 13, 2025, the parties filed a Stipulation of Voluntary Dismissal, with prejudice, with each party to bear their own costs and fees.  (Stip. of Vol. Dismissal, Docket Entry No. 99.)

On October 14, 2025, the Court referred the parties' Stipulation of Voluntary Dismissal to Magistrate Judge Robert M. Levy to determine compliance with Local Civil Rule 83.2,[2] which governs settlement actions by or on behalf of an infant.  (Order Referring Stip. of Vol. Dismissal dated Oct. 14, 2025.)  Judge Levy directed Plaintiffs to move for approval of the infant plaintiffs' compromise.  (Order dated Jan. 14, 2026.)  Plaintiffs — including J.O.,[3] a minor, by and through his father and legal guardian, Bryan Massey; J.P., a minor, by and through his mother and legal guardian, Gissell Fernandez; and A.H., a minor, by and through her legal guardian Tracey Johnson — moved for approval of infant compromise on March 13, 2026.  (Mot. for Approval of Infant Compromise.)

On March 26, 2026, Judge Levy issued a report and recommendation recommending that the Court grant the Motion for Approval of Infant Compromise (the "R&R").  (R&R, Docket

---

[1]  In the SAC, Plaintiffs proposed various nationwide and state-specific classes and subclasses, including Users, Minor Users, and Non-Users classes.  (*See* Memorandum and Order ("August 2025 Decision") 5 (citing SAC ¶ 253), Docket Entry No. 94.)  The Court uses "Minor Users" to refer to individuals who used the Temu platform while under the age of eighteen.  (*See id.*)  "Users" includes individuals who used the Temu platform.  (*See id.*)

[2]  Local Civil Rule 83.2(a)(1) states in relevant part: "[a]n action by or on behalf of an infant or incompetent must not be settled or compromised, or voluntarily discontinued, dismissed, or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action must conform, as much as possible, to the New York State statutes and rules, but the court, for cause shown, may dispense with any New York State requirement."

[3]  The SAC referred to J.O. as "J.P.", (SAC ¶ 21); however, the Motion for Approval of Infant Compromise states the initials should read as J.O., (Mot. for Approval of Infant Compromise 1 n.1, Docket Entry No. 104).

Entry No. 105.) For the reasons discussed below, the Court adopts the R&R and dismisses Minor Users' claims with prejudice, in accordance with the Stipulation of Voluntary Dismissal.

## I. Background

### a. Procedural background

After the Court's August 2025 Decision compelling arbitration of Minor Users' claims, Defendants "indicated an intent to seek costs to compel arbitration under a cost and fee shifting provision," (Mot. for Approval of Infant Compromise 1), which prompted Plaintiffs, together with Defendants, to file a Stipulation of Voluntary Dismissal. (Stip. of Vol. Dismissal.) To determine whether the Stipulation of Voluntary Dismissal met the requirements of Local Civil Rule 83.2, Judge Levy directed Plaintiffs to move for approval of the Minor Users' compromise in accordance with New York State law.[4] (Order dated Jan. 14, 2026.) Minor Users submitted their motions with the requisite affidavits on March 13, 2026.[5]

### b. R&R

In the R&R, Judge Levy recommended the Court approve the Stipulation of Voluntary Dismissal with prejudice as to Minor Users' claims because the stipulation is fair and reasonable compared to the monetary risks of continued litigation. (R&R 4–5.) First, Judge Levy found

---

[4] The Order specifically cited the requirements for infant compromise proceedings set forth in New York Judiciary Law § 474 and New York Civil Practice Laws and Rules ("N.Y. C.P.L.R.") §§ 1205–08, which require, among other things, an affidavit from the infant's representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both," N.Y. C.P.L.R. § 1208(a)(5), and an affidavit from the attorney stating "his [or her] reasons for recommending the settlement," that he or she is acting in the infant's interests, and what services he or she has rendered, *id.* § 1208(b). (Order dated Jan. 14, 2026.)

[5] (Aff. of Jeannie Evans, Esq., annexed to Mot. for Approval of Infant Compromise as Ex. 1 ("Evans Aff."), Docket Entry No. 104-1; Aff. of Bryan Massey, annexed to Mot. for Approval of Infant Compromise as Ex. 2, Docket Entry No. 104-2; Aff. of Gissell Fernandez, annexed to Mot. for Approval of Infant Compromise as Ex. 3, Docket Entry No. 104-3; Aff. of Tracey Johnson, annexed to Mot. for Approval of Infant Compromise as Ex. 4, Docket Entry No. 104-4.)

that the Minor Users' submissions conformed with New York Civil Practice Laws and Rules and demonstrated that the stipulation was fair, reasonable, and in the best interests of the Minor Users. (*Id.* at 4.) Second, Judge Levy decided that the stipulation was reasonable because settlement was reached after "arm's length negotiation by competent and experienced counsel." (*Id.* (quoting Evans Aff. ¶¶ 2–9).) Third, Judge Levy noted that the Minor Users' parents and legal guardians agreed to the voluntary dismissal, with each side bearing their own costs and fees, which is in accordance with the Minor Users' best interests. (*Id.*)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999) (quoting *id.*); *Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *Cullen*, 194 F.3d at 405). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (quoting same); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial

review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## III. Conclusion

For the foregoing reasons, the Court adopts the R&R, grants Minor Users' Motion for Approval of Infant Compromise, and dismisses Minor Users' claims with prejudice, in accordance with the Stipulation of Voluntary Dismissal.

Dated: May 6, 2026
      Brooklyn, New York

SO ORDERED:


_____s/ MKB_____
MARGO K. BRODIE
United States District Judge
