1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

May 27, 2026

**VIA ECF**

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  *Ziboukh et al. v. Whaleco Inc., et al.*, No. 24-cv-3733-MKB-RML (E.D.N.Y.)

Dear Chief Judge Brodie:

We represent Defendants Whaleco Inc. d/b/a Temu and PDD Holdings Inc. in the above-captioned action and write regarding the claims of minor Plaintiff I.E., appearing by and through his mother and legal guardian, Jamilah Crane. The claims of all Plaintiffs in this case, except for I.E., have been dismissed with prejudice. *See* ECF Nos. 99, 105; Exhibit A (May 6, 2026 Order).[1] I.E.'s claims should now be dismissed as well. To the extent I.E. has any live claims against Defendants, he abandoned them long ago. After declining to voluntarily dismiss his claims, I.E. ceased communicating with his attorneys—who since withdrew their representation of him—and he has done nothing to retain new counsel or otherwise take any action to pursue his claims any further. Accordingly, the Court should dismiss I.E.'s claims, with prejudice, for failure to prosecute.

### A.     Factual and Procedural Background

Plaintiffs filed their Second Amended Complaint on September 20, 2024. ECF No. 64. The 17 Plaintiffs consisted of two groups of individuals: (i) users of the Temu app ("User Plaintiffs"), which in turn included four minors ("Minor User Plaintiffs"), one of which is I.E., and (ii) individuals who did not use the Temu app ("Non-User Plaintiffs"). On November 4, 2024, Defendants served their motion to compel arbitration as to the claims of the User Plaintiffs (including the Minor User Plaintiffs) and their motion to dismiss the claims of the Non-User Plaintiffs. ECF Nos. 71, 76. On August 14, 2025, the court granted both motions. *See* ECF No. 94. However, the Court deferred issuing a final ruling on the User Plaintiffs' claims against PDD

---

[1] Attached as Exhibit A is a notification regarding a May 6, 2026 order ("May 6 Order") stating that the Court adopted Magistrate Judge Levy's Report & Recommendation (ECF No. 105) and granted the parties' request to dismiss the Minor User Plaintiffs' claims with prejudice. The May 6 Order was originally docketed as ECF No. 106, but has since been removed from the docket—inadvertently, we presume.

Holdings Inc., instead permitting Plaintiffs limited jurisdictional discovery on the issue of whether the Court could exercise personal jurisdiction over that entity. *Id.* at 45.

Prior to undertaking jurisdictional discovery, on October 13, 2025, the User Plaintiffs—all of them except for I.E.—voluntarily dismissed their claims against Defendants with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). *See* ECF No. 99. A voluntary dismissal was beneficial to the User Plaintiffs because it removed a risk that they would be liable under the fee-shifting provision in Temu's Terms of Use. As the Minor User Plaintiffs explained in their motion to approve their voluntary dismissal:

> Because the continued monetary risk to Plaintiffs from application of [Temu Terms of Use] Section 19.8's fee/cost shifting provisions, combined with the litigation risk associated with continuing to pursue a case the success of which was now undermined, vastly outweighed any potential and uncertain recovery, counsel explained the status of the case [to the User Plaintiffs] in light of the Court's arbitration ruling and recommended a course of action to the Minor User Plaintiffs that would eliminate this risk – a stipulation of voluntary dismissal, with prejudice, with each side to bear their own costs and fees. Evans Aff. ¶ 9. The Minor User Plaintiffs, like other Plaintiffs who were potentially impacted by the disputed fee/cost shifting provision, agreed with this recommended course of action and filed the Stipulation of Voluntary Dismissal.

*See* ECF No. 104 at 3.

According to Plaintiffs' counsel, around September 23-26, 2025, I.E. indicated his refusal to join the rest of the User Plaintiffs in dismissing his claims, despite counsel explaining to him (through his mother, Ms. Crane) why it was the recommended course of action. *See* ECF No. 97-1 at ¶¶ 9-10; ECF No. 103 at 5:11–6:11. It was at this juncture that I.E.'s participation in this litigation ceased. *Id.* at 6:3–11 (Plaintiffs' counsel stating at hearing on motion to withdraw that, after recommending to Ms. Crane the I.E. voluntarily dismiss his claims, "[Ms. Crane] became nonresponsive at that point"). According to Plaintiffs' counsel, as of September 26, 2025, I.E. and Ms. Crane ceased responding to their outreach and, on October 13, 2025, counsel filed a motion to withdraw their representation, citing a "fundamental disagreement" with I.E. "regarding how to proceed with the case." *Id.* at 6:12–22; ECF No. 97 at 1.

Magistrate Judge Robert M. Levy subsequently scheduled a hearing on the motion to withdraw for December 22, 2025 and ordered Ms. Crane to appear at the hearing on behalf of I.E. *See* Scheduling Order Dated Dec. 15, 2025; Dec. 15, 2025 Email from Chambers of Magistrate Judge Levy, attached hereto as Exhibit B ("Jamilah Crane's attendance is required. Plaintiff's counsel is directed to arrange her appearance."). Ms. Crane failed to appear at the hearing— "despite her counsel's best efforts to contact her by phone, email, and first class mail." ECF No. 101 (Minute Entry for Dec. 22, 2025 Hearing). Plaintiffs' counsel reported that Ms. Crane's "last known phone number is no longer in service" and that she had not responded to counsel's messages since September 26, 2025—nearly three months before the hearing. *Id.* The Court granted the motion to withdraw that same day, *id.*, and Plaintiffs' counsel served I.E. with a copy of the Minute Entry on December 23, 2025, *see* ECF No. 102. Since Plaintiffs' counsel's withdrawal from

**LATHAM&WATKINS** LLP

representing I.E., no new counsel for I.E. has contacted Defendants or appeared in this action to pursue any claims on behalf of I.E.

### B. I.E. Has Failed to Prosecute His Claims

Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant "may move to dismiss the action or any claim against it" where a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) also "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) ("Under Rule 41(b), a district court, in its discretion, may dismiss an action for a plaintiff's want of prosecution.") (citation omitted).

In determining whether dismissal is warranted under Rule 41(b), the Second Circuit has directed courts to consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310-11 (2d Cir. 2021) (citation omitted).

Here, these factors weigh in favor of dismissal. I.E. (through Ms. Crane) ceased communicating with his attorneys in this case eight months ago[2] and has since failed to appear or communicate with this Court—or take any other steps to prosecute the action—including after Plaintiffs' counsel withdrew their representation of I.E. on December 22, 2025. The "very fact that [Plaintiff] has been inaccessible" for more than half a year "strongly suggests that [they are] not diligently pursuing [the] claim." *Dong v. United States*, 2004 WL 385117, at *3 (S.D.N.Y. 2004). Delay of such a duration weighs in favor of dismissal. *Lopez v. Cath. Charities of Archdiocese of N.Y.*, 2001 WL 50896, at *3 (S.D.N.Y. 2001) (dismissing the case after plaintiff "failed to take *any* steps to prosecute [the] action for at least three months").

I.E.'s prolonged absence also satisfies the third and fourth factors. Where a plaintiff has failed to appear and has offered no explanation for an extended period of silence, prejudice to the defendant is presumed. *See Flores v. Mario's Pizzeria of Oyster Bay*, 2024 WL 1704721, at *3 (E.D.N.Y. Apr. 19, 2024) (Brodie, J.); *Harris v. Scadiero*, 94 F. App'x 860, 861 (2d Cir. 2004) ("A presumption of prejudice is appropriate where the plaintiff's delay was prolonged[.]"); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice."). Likewise, a plaintiff who abandons litigation cannot complain that dismissal deprives him of his day in court. "[B]ecause Plaintiff has shown no interest in litigating this case by failing to appear … the balance between alleviating court congestion and protecting Plaintiff's right to be heard favors dismissal." *Tankersley v. City*

---

[2] *See* ECF No. 101 (Minute Entry re: December 22, 2025 Hearing) ("Ms. Crane's last known phone number is no longer in service and that she has not responded to counsel's email messages since September 26, 2025.").

**LATHAM&WATKINS** LLP

*of New York*, 2021 WL 5013620, at *3 (E.D.N.Y. 2021) (Brodie, J.); *see also Flores*, 2024 WL 1704721, at *3.

The fifth factor—whether lesser sanctions would be effective—likewise favors dismissal. Courts "consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." *Caussade*, 293 F.R.D. at 631 (collecting cases). Here, Ms. Crane's phone number is "no longer in service," and she has refused to respond to email communications by her former counsel since September 26, 2025. She did not appear at the Court's hearing on Plaintiffs' counsel's motion to withdraw and has not filed any papers in this case since. *See Camara v. Daise*, 2001 WL 263006, at *4 (S.D.N.Y. 2001) (finding that a sanction short of dismissal "would be ineffective and unenforceable [where] plaintiff's whereabouts are unknown"). Because I.E. has not retained new counsel,[3] there is "no attorney against whom sanctions could be leveled effectively." *Id.*; *Quiles v. Beth Israel Med. Ctr.*, 168 F.R.D. 15, 19 (S.D.N.Y. 1996) ("Because the plaintiff is appearing *pro se*, this is not a case where monetary sanctions would be reasonable, nor can sanctions be imposed upon the plaintiff's lawyer."). Under these circumstances, any sanction short of dismissal would have no effect.

That I.E. may not have actual notice that further delay would result in dismissal does not change this outcome. Had Ms. Crane appeared at the December 22, 2025 hearing, she would know that Defendants were contemplating this motion. The Court also directed I.E.'s former counsel to advise Ms. Crane "that the Defendant is considering a motion to dismiss for failure to prosecute." ECF No. 103 at 20:9–15. "Regardless of whether [P]laintiff actually received notice that further delays would result in dismissal, it remained [their] 'duty to process [their] case diligently.'" *Hibbert v. Apfel*, 2000 WL 977683, at *2 (S.D.N.Y. 2000). It is "not an absolute requirement" that plaintiff be expressly warned that further delay could lead to dismissal, especially where a plaintiff "failed to remain accessible to her attorney and the Court." *Caussade*, 293 F.R.D. at 630.

For these reasons, Defendants respectfully request that the Court dismiss I.E.'s claims, with prejudice, for failure to prosecute. We thank the Court for its consideration.

Respectfully submitted,

*/s/ Serrin Turner*

Serrin Turner
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

---

[3] Further, it is settled law that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" as "[t]he choice to appear *pro se* is not a true choice for minors." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see also Whitfield v. Johnson*, 2018 WL 1385890, at *1 (E.D.N.Y. 2018) (dismissing claims filed on behalf of a minor child where the child was not represented by counsel, noting that "[i]t is well-settled that a non-attorney parent cannot appear on behalf of his or her child") (citation omitted), *aff'd*, 763 F. App'x 106 (2d Cir. 2019).

JEHAN ZIBOUKH, MARGRET PHILIE, )
VERA FIGLOCK, NICOLE MAY, TYANA )
DAUGHTERY, SOLALIZ HERNANDEZ, )     Case No. 1:24-cv-03733-MKB-RML
DEBRA KRYSTYN, I.E., A MINOR, )
CYNTHIA RODRIGUEZ, J.P., A MINOR, )  District Judge Margo K. Brodie
MIGUEL ACOSTA, VINSON MANGOS, )
NOAH KUPPER, J.P., A MINOR )         Magistrate Judge Robert M. Levy
CHRISTIAN VEGA, A.H., A MINOR, AND )
OLAYA BOURAKKADI AMRANI, on )
behalf of themselves and all others similarly )
situated, )
  )
       Plaintiffs, )
  )
  v. )
  )
WHALECO INC. d/b/a TEMU, and PDD )
HOLDINGS INC., )
  )
       Defendants. )

## [PROPOSED] ORDER OF DISMISSAL

On May 27, 2026, Defendants requested by letter-motion that the Court dismiss Plaintiff

I.E.'s claims with prejudice for failure to prosecute.[1] For the reasons set forth in Defendants' letter-

motion, the Court dismisses Plaintiff I.E.'s claims with prejudice, for failure to prosecute, pursuant

to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

**Dated:**         _____

**New York, New York**     **MARGO K. BRODIE**
            **United States District Judge**

---

[1] Plaintiff I.E. was a minor at the time the action was commenced and brought his claims by and through his mother, Jamilah Crane.