UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------

JEHAN ZIBOUKH, MARGRET PHILIE, VERA
FIGLOCK, NICOLE MAY, TYANA
DAUGHTERY, SOLALIZ HERNANDEZ, DEBRA
KRYSTYN, I.E., A MINOR, CYNTHIA
RODRIGUEZ, J.P., A MINOR, MIGUEL
ACOSTA, VINSON MANGOS, NOAH KUPPER,
J.P., A MINOR, CHRISTIAN VEGA, A.H., A
MINOR, AND OLAYA BOURAKKADI
AMRANI, *on behalf of themselves and others
similarly situated*,

**ORDER**
24-CV-3733 (MKB)

                    Plaintiffs,

          v.

WHALECO, INC., *doing business as* TEMU, and
PDD HOLDINGS INC., *formerly known as*
PINDUODUO INC.,

                    Defendants.

--------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Defendants Whaleco, Inc., doing business as Temu ("Temu"), and PDD Holdings Inc.,

formerly known as Pinduoduo Inc. ("PDD"), filed a motion to dismiss with prejudice the claims

of minor Plaintiff I.E., appearing by and through his mother and legal guardian, Jamilah Crane,

for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Defs.'

Mot. to Dismiss for Lack of Prosecution, Docket Entry No. 107.) On May 28, 2026, the Court

directed Plaintiff to respond to Defendants' letter motion by June 11, 2026, mailed Plaintiff I.E. a

copy of the Order dated May 28, 2026 and Defendants' motion, and Plaintiff I.E. failed to

respond by the appointed deadline. (*See* Order dated May 28, 2026.) For the reasons discussed

below, the Court grants Defendants' motion and dismisses with prejudice Plaintiff I.E.'s claims.

## I.  Background

Other minor Plaintiffs involved in this action, except for Plaintiff I.E., filed a Stipulation of Voluntary Dismissal, with prejudice, to dismiss their claims on October 13, 2025.  (Stip. of Vol. Dismissal, Docket Entry No. 99.)  Plaintiff I.E. communicated to his counsel, through his mother, from September 23 to 26, 2025 that he refused to join the rest of Plaintiffs in that motion, and that was his last communication with counsel.  (*See* Tr. of Mot. to Withdraw as Counsel for Plaintiff I.E. 5:11–6:18, Docket Entry No. 103.)

Plaintiff I.E.'s counsel then moved to withdraw from representation, (Mot. to Withdraw as Counsel for Plaintiff I.E., Docket Entry No. 97; Aff. of Jeannie Evans, appended to Mot. to Withdraw as Counsel for Plaintiff I.E., Docket Entry No. 97-1), which Magistrate Judge Robert M. Levy granted at a hearing on December 22, 2025, after Plaintiff I.E. and his mother did not appear, despite counsel's many attempts to reach them.  (*See* Min. Entry dated Dec. 22, 2025.)  On May 6, 2026, the Court adopted a Report and Recommendation adopting the Stipulation of Voluntary Dismissal by the other minor Plaintiffs.  (R. & R., Docket Entry No. 106.)

## II.  Discussion

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) ("Under Rule 41(b), a district court, in its discretion, may dismiss an action for a plaintiff's want of prosecution." (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993))).  Dismissal pursuant to Rule 41(b) is, however, a "harsh remedy" to be "reserved for 'extreme situations.'"  *Id.* (quoting *Minnette*, 997 F.2d at 1027); *Friedman v. Bloomberg, L.P.*, No. 22-2967, 2024 WL 1298601, at *3 (2d Cir. Mar. 27,

2024) (summary order) (observing that because "dismissal under Rule 41(b) is 'the harshest of sanctions' and is to be used 'only in extreme situations'" (quoting *Baptiste*, 768 F.3d at 217)); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (quoting same). When district courts assess whether dismissal under Rule 41(b) is appropriate, they must consider the "*Drake* factors," namely whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Mayanduenas v. Bigelow*, 849 F. App'x 308, 310–11 (2d Cir. 2021) (quoting *Lucas*, 84 F.3d at 535); *see also Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (quoting *Baptiste*, 768 F.3d at 216) (considering the same five factors). Courts must "evaluate the record in its entirety because '[n]o one factor is dispositive.'" *Weiner*, 87 F.4th at 164 (alteration in original) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "'Generally, no one factor is dispositive,' and 'a district court is not required to discuss each of the factors on the record . . . .'" *Snap Devs. LLC v. Tabak*, No. 25-CV-1221, 2026 WL 901170, at *5 (E.D.N.Y. Apr. 2, 2026) (alteration in original) (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)); *see Nodify, Inc. v. Kristan*, No. 17-CV-2201, 2020 WL 13566475, at *1 (E.D.N.Y. Apr. 17, 2020) ("As 'no one factor is dispositive,' courts need only provide an explanation for the dismissal rather than consider each factor." (quoting same)), *report and recommendation adopted*, 2020 WL 13566476 (E.D.N.Y. May 6, 2020). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)); *see Tacon v. Cromwell*, No. 24-3138, 2025 WL

1409747, at *3 (2d Cir. May 15, 2025) (summary order) (quoting *id.*), *cert. denied*, --- S. Ct. ---, 2026 WL 135740 (2026).

In evaluating the relevant factors, the Court finds that they weigh in favor of dismissal. First, Plaintiff I.E. stopped communicating with his attorneys over eight months ago and stopped communicating with the Court. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–68 (2d Cir. 1980) (affirming dismissal for failure to prosecute when the plaintiff was inactive in the case for six months); *Norman v. Tod's S.p.A.*, No. 18-CV-875, 2018 WL 2744791, at *3 (S.D.N.Y. June 7, 2018) (dismissing for failure to prosecute where the plaintiff failed to litigate for six months); *Kenny v. Potter*, No. 05-CV-1415, 2011 WL 613346, at *3 (E.D.N.Y. Jan. 24, 2011) (dismissing after "six months of inactivity on the docket" and where the plaintiff's counsel could not contact the plaintiff), *report and recommendation adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011).

Second, Plaintiff I.E. failed to appear at the conference before Judge Levy and offered no explanation. *See Dickson v. Barnes*, No. 22-CV-4033, 2023 WL 3293641, at *1, 3 (S.D.N.Y. May 5, 2023) (dismissing the plaintiff's claims for failure to prosecute for their failure to appear at conferences and comply with the court's orders); *Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1 (E.D.N.Y. Aug. 6, 2008) (adopting report and recommendation and dismissing action for failure to prosecute where the plaintiffs "failed to appear at [two] conference[s] or to request an adjournment").

In addition, dismissal with prejudice is appropriate because (1) Plaintiff I.E. has ceased to communicate with his attorneys; (2) has failed to communicate with the Court and failed to appear at a scheduled conference; and (3) Plaintiff I.E.'s counsel withdrew and Plaintiff I.E. has not established new counsel; and (4) lesser sanctions would not be effective because Plaintiff I.E. has failed to prosecute this case for eight months. *See Cabrera v. RLB USA Safety & Hardware*

4

*Inc.*, No. 23-CV-5267, 2024 WL 3011194, at *3–4 (E.D.N.Y. June 14, 2024) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because the plaintiff failed to: (1) prosecute the action for ten months; (2) comply with a court order that warned that the plaintiff's failure to comply may result in dismissal; and (3) obtain new counsel); *Ventoso v. Shihara*, No. 19-CV-3589, 2022 WL 19706, at *2–3 (S.D.N.Y. Jan. 3, 2022) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because: (1) the plaintiff failed to prosecute the action for over a year; (2) the plaintiff was put on notice that her claims were subject to dismissal; (3) the plaintiff "has not merely delayed prosecuting her case, but has altogether ceased responding to defense counsel's attempts to communicate"; and (4) "the [c]ourt [cannot] fashion a lesser remedy to cure the prejudice that [the plaintiff's] refusal to initiate arbitration impose[d] on [the] defendants").

## III. Conclusion

Accordingly, the Court grants Defendants' motion to dismiss and dismisses with prejudice Plaintiff I.E.'s claims for failure to prosecute pursuant to Rule 41(b).

Dated: June 16, 2026
      Brooklyn, New York

SO ORDERED:


       s/ MKB       
MARGO K. BRODIE
United States District Judge
